Filed 4/4/23 In re S.M. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re S.M. et al., Persons Coming Under the Juvenile Court Law. | B323651 (Los Angeles County Super. Ct. No. 20CCJP02556A–B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. J.M., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Debra R. Archuleta, Judge. Affirmed.

William Hook, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Interim County Counsel, Kim Nemoy Assistant County Counsel, Jane E. Kwon, Deputy County Counsel, for Plaintiff and Respondent.

## I. INTRODUCTION

J.M. (father) appeals from an order terminating parental rights over older child S.M. (born in 2014) and younger child B.M. (born in 2015).[1] Father seeks a reversal and remand for compliance with the inquiry and notice requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.).[2] We affirm.

## II. BACKGROUND[3]

On May 7, 2020, the Department filed a section 300 petition alleging the children were at risk of serious physical

---

[1]     The children's half sibling is not a subject of this appeal.

[2]     Further statutory references are to the Welfare and Institutions Code.

[3]     Because the sole issue on appeal concerns compliance by the juvenile court and the Los Angeles County Department of Children and Family Services (the Department) with ICWA and related California law, we limit our recitation of facts to those relevant to that compliance issue, except as is necessary for context.

2

harm because of mother's physical abuse, substance abuse, domestic violence with half sibling's father, and leaving the children in maternal grandmother's custody without a care plan.

In ICWA-010(A) forms filed with the dependency petition, the Department indicated that ICWA may apply because the Department could not obtain any statements from the parents. Maternal grandmother reported that the children did not have Indian tribal ancestry because the family immigrated from Guatemala. Father was incarcerated and was not in contact with the children.

On May 12, 2020, mother filed an ICWA-020 form, denying any Indian ancestry.

At the May 12, 2020, detention hearing, the juvenile court found no reason to know that the children were Indian children and thus ICWA did not apply. The children were detained from mother's custody.

At a July 28, 2020, hearing, father appeared before the juvenile court and was deemed the presumed father of the children. Father submitted an ICWA-020 form indicating that he did not have Indian ancestry.

In the jurisdiction/disposition report filed July 24, 2020, mother reported that she and her brother (maternal uncle) were raised by maternal grandmother. Maternal grandfather separated from maternal grandmother when mother was one-year old and mother did not recall ever having met him. Maternal grandmother had no contact information for maternal grandfather. Father reported that he and his four brothers were raised by paternal grandmother and paternal stepgrandfather. Paternal grandfather died when father was young.

At the August 11, 2020, adjudication hearing, the juvenile court sustained the amended dependency petition. The court stated: "Also ICWA, the court has no reason to believe that this is a case governed by [ICWA]."

At the December 9, 2020, disposition hearing, the juvenile court removed the children from parental custody and ordered family reunification services with monitored visits for the parents. The juvenile court stated: "ICWA findings were previously made. This is not a case governed by [ICWA]."

On August 9, 2021, the children were placed with maternal grandmother.

On August 24, 2021, the juvenile court terminated mother's reunification services while continuing father's reunification services.

On February 10, 2022, the juvenile court terminated father's reunification services.

On March 21, 2022, the juvenile court noted that paternal grandmother, who had been in contact with the Department, had not been questioned regarding ICWA. Accordingly, the court ordered the Department to interview paternal grandmother and any other available paternal and maternal relatives regarding Indian tribal ancestry, and to submit a "detailed report" of interviews or attempted interviews.

The Department subsequently reported that: on May 19, 2022, maternal uncle denied having any Indian ancestry; on May 24, 2022, paternal grandmother denied Indian ancestry; and, on May 25, 2022, maternal grandmother again denied Indian ancestry.

At a June 10, 2022, hearing, the Department made a supplemental record before the juvenile court, indicating that

4

maternal uncle, paternal grandmother, and maternal grandmother denied Indian ancestry.

On August 11, 2022, the juvenile court ordered adoption as the permanent plan for the children.

In a last minute information for the court filed August 24, 2022, maternal grandmother reported that neither she nor anyone in her family had had any contact with paternal grandfather since 1994. On August 23, 2022, father again denied any Indian ancestry.

On September 15, 2022, the juvenile court terminated the parents' parental rights over the children. Maternal grandmother was designated as the prospective adoptive parent. Father appealed.

## III. DISCUSSION

Father argues on appeal that the Department did not comply with its duty of initial inquiry under section 224.2, subdivision (b). As we discuss further below, we disagree.

""Section 224.2, subdivision (b) specifies that once a child is placed into the temporary custody of a county welfare department, such as the [Department], the duty to inquire 'includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child.'" [Citation.]' [Citation.] [¶] We review claims of inadequate inquiry into a child's Indian ancestry for substantial evidence. [Citation.]" (*In re H.V.* (2022) 75 Cal.App.5th 433, 437–438.)

First, we consider father's contention that the Department committed reversible error by not interviewing or attempting to interview maternal grandfather. The Department was not required to interview maternal grandfather because, as the record reflects, it did not have any available means of contacting him. (See *In re Q.M.* (2022) 79 Cal.App.5th 1068, 1083 ["Without reliable contact information, [the Department] could not reasonably have been expected to interview extended family members"]; *In re A.M.* (2020) 47 Cal.App.5th 303, 323 ["ICWA does not obligate the court or [the Department] 'to cast about' for investigative leads"].)

Next, we address and reject father's contention that the Department was required to interview "paternal grandfather" regarding the children and Indian ancestry. The record reflects that paternal grandfather was deceased. And, to the extent father meant to refer to paternal stepgrandfather, that person is not an "extended family member" under ICWA. (25 U.S.C. § 1903(2).)

Third, we consider father's argument that the Department's report of its inquiry of maternal uncle and paternal grandmother was "cursory" and lacked the necessary "'detail[].'" Father fails, however, to explain how the details provided by the Department were insufficient. As reported by the Department, both maternal uncle and paternal grandmother denied any Indian tribal ancestry, and such reporting is sufficient to meet the Department's duty of inquiry. (See § 224.2, subd. (b) [Department has "duty to inquire whether that child is an Indian child. Inquiry includes, but is not limited to, asking the child,

6

parents, . . . extended family members, . . . whether the child is, or may be, an Indian child . . ."].)[4]

Finally, father contends that the juvenile court failed to make ICWA findings on June 10, 2022, and September 15, 2022. This argument is meritless. The juvenile court expressly found at the adjudication hearing that there was no reason to believe that ICWA applied and there is no requirement that ICWA findings be made at every proceeding.

---

[4] Father's citation to *In re Gabriel G.* (2012) 206 Cal.App.4th 1160, 1167–1168 is inapposite. There, the court concluded that where father reported being a member of a Cherokee tribe in an ICWA-020 form but the Department's report stated that father stated he did not have Indian heritage, the Department had a duty of further inquiry. (*Ibid.*)

# IV. DISPOSITION

The order terminating parental rights is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

BAKER, Acting P. J.

MOOR, J.

8